IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Joy J. Newsome, | ) | C/A No. 0:15-1119-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Wal-Mart Stores East, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

The court issued an order on May 15, 2015 allowing Plaintiff an opportunity to amend the Complaint to name the correct defendant. (ECF No. 30.) Plaintiff complied with the court's order by filing an Amended Complaint against Defendant Wal-Mart Stores East, LP. (ECF No. 35.) To give liberal construction to the pleadings and to preserve issues raised in this case, the Complaint (ECF No. 1) has been appended to the Amended Complaint (ECF No. 35) as an attachment (ECF No. 35-1).

**MOTION FOR JUDGMENT AS A MATTER OF LAW; MOTION FOR SETTLEMENT; MOTION FOR DEFAULT JUDGMENT; AND MOTION FOR DISCOVERY**:[1]

Plaintiff additionally submitted a motion seeking Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a), a settlement conference and offer of settlement, entry of default judgment, and discovery in the form of "further documentation." (ECF No. 37.) As

---

[1] Plaintiff titles this document as an appeal. (ECF No. 37.) However, it appears any matters she may be seeking to appeal are related to a state court action. The only orders issued by this court in the instant civil action are the orders directing her to bring the case into proper form (ECF Nos. 11 & 30), the order authorizing service of the Complaint (ECF No. 21), and the order granting the defendant additional time to file an answer (ECF No. 32). None of these orders are mentioned in Plaintiff's pleading, and it does not appear that she intended to appeal any ruling in this case. Therefore, her pleading has been construed as a motion, rather than as an appeal.



Plaintiff's Amended Complaint has not yet been served on the defendant, Plaintiff's motions are denied without prejudice at this time as premature.[2]  (ECF No. 37.)

**TO THE PARTIES**:

Having reviewed the Amended Complaint in accordance with the applicable law, the court construes the Amended Complaint as purporting to allege the following federal claims against the defendant:

- discrimination based on Plaintiff's sex and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; and

- discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*; and

- false arrest in violation of 42 U.S.C. § 1983.

The court further construes the Amended Complaint as purporting to allege state law claims of defamation and intentional infliction of emotional harm.  No other claims are being construed as having been raised by Plaintiff in this action.

**TO DEFENDANT**:

The defendant is directed to file an answer to the Amended Complaint or otherwise plead accordingly.  While the defendant agreed to accept service of the amended summons and Amended Complaint (see ECF No. 27 at 1 n.1), no formal waiver of service has been docketed in this case.  Therefore, the court directs the defendant to file a waiver of service in this case to "avoid unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d).

**TO THE CLERK OF COURT**:

Counsel for the defendant has made an appearance in this case and agreed to accept service of an amended summons and amended complaint reflecting Wal-Mart Stores East, LP, as the correct defendant. (ECF No. 27 at 1.)  Therefore, the Clerk of Court shall issue the amended summons and enter the issued amended summons on the docket so that it may be electronically served on the

---

[2] To the extent Plaintiff seeks discovery, she is advised that, absent a dispute, the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure.  See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45.  Plaintiff is further advised that she does not need specific authorization from the court to obtain discovery from the defendant.  Rather, she should direct her discovery requests to the counsel of record for the defendant.  If Plaintiff is dissatisfied with the responses she receives from the defendant, she may then file a motion to compel.  See Local Civil Rule 37.01 (D.S.C.).



defendant. Accordingly, service of the Amended Complaint (ECF No. 35) and amended summons shall be accomplished by serving defendant's counsel through a Notice of Electronic Filing ("NEF") generated by the court's Electronic Case Filing ("ECF") system.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 3, 2015
Columbia, South Carolina